# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCRETIA GALLOW,<br><br>           Plaintiff,<br><br>   v.<br><br>T. SMITH, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:07-cv-01279-AWI-WMW PC<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 5)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

      Plaintiff Lucretia Gallow ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint to this action on September 4, 2007. Plaintiff filed an amended complaint on December 23, 2008. Plaintiff is incarcerated with the California Department of Corrections and Rehabilitation at Valley State Prison for Women in Chowchilla, California. Plaintiff is suing under 42 U.S.C. § 1983. Although she does not specifically state which constitutional rights were violated, they appear to arise from the Cruel and Unusual Punishments Clause of the Eighth Amendment. Plaintiff names Sergeant Smith, Captain Donaldson, and Correctional Officers Dutcher, Moore and Cole as defendants.

**I.**     **Screening Requirement**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

### A.   Facts

Plaintiff alleges that she was physically abused by correctional officers while being housed in administrative segregation. Plaintiff was being escorted back to her cell by correctional officer Hernandez when Defendants Smith, Cole, and Moore approached her and stated that she had to go to a holding cell to speak with the sergeant. Defendants Smith, Cole and Moore then forcefully dragged Plaintiff to the shower. Defendants Cole and Moore slammed the shower door on Plaintiff's right leg. Plaintiff requested medical attention but defendants refused to provide it.

### B.   Plaintiff's Amended Complaint

This action proceeds on Plaintiff's amended complaint filed on December 23, 2008. Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In other words, it must be complete in itself without reference to the original complaint. Local Rule 15-220. It is not treated as an addendum to the original complaint. Claims raised in the original complaint

1 must be completely raised again in the amended complaint or they will be lost. King, 814 F.2d at
2 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114
3 F.3d at 1474.

4       Plaintiff filed her amended complaint on December 23, 2008. Although her amended
5 complaint and her original complaint list some of the same defendants, the facts refer to two separate
6 incidents. However, on the complaint form under the section regarding "Previous Lawsuits", she
7 states that she has two previous lawsuits and lists this same action as a prior lawsuit that "is still
8 pending". (Compl. 1). In her original complaint, she states that she only has one previous lawsuit.
9 Thus it is unclear if Plaintiff intended this amended complaint to be an entirely separate action,
10 intended to add claims to her prior action, or if she intended her amended complaint to supercede
11 her original complaint and drop her original claims. Pursuant to this order, Plaintiff will be given
12 an opportunity to amend her complaint. If Plaintiff opts to amend, she must fully state all of her
13 claims in her new complaint. She may not refer to prior, superceded complaints.

14       **C.    Eighth Amendment Claim - Excessive Force**

15       Plaintiff states claims that arise from violations of rights secured by the Eighth Amendment
16 of the U.S. Constitution. The Eighth Amendment prohibits the imposition of cruel and unusual
17 punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity
18 and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d
19 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two
20 requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious",
21 Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991),
22 and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind",
23 Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be
24 "sufficiently serious" is met where the prison official's act or omission results in the denial of "the
25 minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347
26 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of
27 mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety.
28 Id. (quoting Wilson, 501 U.S. at 302-303).

Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321.

Plaintiff alleges that she suffered injuries to her leg as a result of the use of force, there was no need for use of force and that Defendants Smith, Cole and Moore intent was to abuse Plaintiff. Therefore, Plaintiff alleges sufficient facts to satisfy that objective and subjective elements of an Eighth Amendment violation and states a cognizable claim against Defendants Smith, Cole and Moore.

**D.     Claims Against Other Defendants**

Plaintiff's complaint alleges no facts regarding that acts or omissions of Defendants Smith and Donaldson. "A person deprives another of a constitutional right," within the meaning of § 1983, "where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir 1978). "[T]he 'requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson, 588 F.2d at 743-44). Further, Defendants Smith and Donaldson cannot be held liable as supervisory personnel under a theory of respondeat superior. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). In order to be liable, they must either directly participated or ordered the violations or knew of the violations and failed to prevent them. Id. Plaintiff has not alleged any facts indicating how Defendants Smith and Donaldson participated in the constitutional violations. Therefore, Plaintiff fails to state any cognizable claims against them.

///

### III. Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendants Smith, Cole and Moore for use of excessive force in violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff three (3) summonses and three (3) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . .", Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted), meaning Plaintiff must provide enough allegations in his complaint to demonstrate why he is entitled to the relief that he seeks.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior

or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

  Based on the foregoing, it is HEREBY ORDERED that:

  1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

  2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Smith, Cole and Moore for use of excessive force; and

  3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated: January 30, 2009**     /s/ **William M. Wunderlich**
                   UNITED STATES MAGISTRATE JUDGE