# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCRETIA GALLOW, | CASE NO. 1:07-cv-01279-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | |
| T. SMITH, et al., | (Doc. 19) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Lucretia Gallow ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 12, 2010, Defendants filed a motion to dismiss on the grounds that Plaintiff failed to exhaust her administrative remedies prior to filing suit. (Doc. #19.) Plaintiff has not filed an opposition to Defendants' motion.

**I.    Background**

This action proceeds on Plaintiff's second amended complaint filed on June 29, 2009. (Doc. #9.) Plaintiff's second amended complaint alleged that Defendants T. Smith and Donaldson ordered inmates to brutally attack Plaintiff in retaliation for a lawsuit that Plaintiff had filed against Smith and Donaldson. The Court construed Plaintiff's second amended complaint as stating cognizable claims against Smith and Donaldson for violating Plaintiff's rights under the Eighth Amendment.

Defendants filed a motion to dismiss on February 12, 2010. (Doc. #19.) Defendants argue that they are entitled to dismissal because Plaintiff failed to exhaust her administrative remedies prior to filing suit, as required under the Prison Litigation Reform Act ("PLRA"). Defendants argue that the PLRA requires Plaintiff to properly exhaust all available administrative remedies prior to filing

1

suit, which involves pursuing an administrative appeal through an initial informal level and then through three formal levels of appeal. While Defendants concede that Plaintiff filed an appeal regarding the events described in her second amended complaint, Defendants argue that the final Director's Level decision was issued on March 4, 2008--six months after Plaintiff initiated this lawsuit. Defendants argue that the PLRA requires exhaustion through the Director's Level prior to initiating any lawsuit.

## II.     Discussion

Plaintiff has not filed an opposition to Defendants' motion to dismiss. Plaintiff is required by local rule to file an opposition or statement of non opposition to Defendants' motion. Local Rules 230(c) and (l). The failure to file an opposition or statement of non opposition to a motion may be deemed a waiver to any opposition to the granting of the motion and may result in the imposition of sanctions. Local Rule 230(l).[1]

Plaintiff's opposition/statement of no opposition was due twenty one (21) days after the date of service of Defendants' motion. Local Rule 230(l). Defendants filed their motion to dismiss on February 12, 2010. On March 15, 2010, the Court ordered Plaintiff to show cause why this action should not be dismissed due to Plaintiff's failure to file an opposition or a statement of non opposition to Defendants' motion to dismiss. (Doc. #21.) Plaintiff was explicitly warned that the "[f]ailure to follow a district court's local rules is a proper grounds[sic] for dismissal." (Order to Show Cause 1:23.) Plaintiff was also warned that "Plaintiff's failure to [show cause] will result in a recommendation of dismissal." (Order to Show Cause 2:10-11.) Plaintiff's response was due within thirty (30) days of the date of service of the order to show cause. Plaintiff has not filed an opposition or a statement of non opposition and Plaintiff has not responded to the Court's order to show cause.

---

[1] In their Motion to Dismiss, Defendants assert that Local Rule 230(l) no longer applies because Rule 230(l) governs motion practice in situations where one party is incarcerated and Plaintiff was released on parole at some point during the course of litigation. (Defs.' Notice of Mot. and Mot. to Dismiss; Mem. of P. & A. 1:22-26.) However, in the Second Informational Order issued by the Court on September 24, 2009, parties were informed that Local Rule 78-230(m) continues to apply until the Court explicitly orders otherwise. (Second Informational Order, Mot. to Dismiss Notice, and Summ. J. Notice 1:22-26.) Local Rule 78-230(m) is the pre-amendment version of Local Rule 230(l).

2

1    Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with . . . any order
2 of the Court may be grounds for imposition by the Court of any and all sanctions authorized by
3 statute or Rule or within the inherent power of the Court." District courts have the inherent power
4 to control their dockets and "in the exercise of that power, they may impose sanctions including,
5 where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
6 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
7 action, failure to obey a court order, or failure to comply with the local rules. See, e.g., Ghazali v.
8 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
9 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
10 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
11 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
12 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
13 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
14 failure to prosecute and failure to comply with local rules). In Ghazali, the Ninth Circuit affirmed
15 a district court's dismissal as a sanction against plaintiff for failing to file an opposition to a motion
16 to dismiss. Ghazali, 46 F.3d at 54. Although a motion for summary judgment cannot be granted
17 simply as a sanction for a local rule violation, Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995);
18 Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir. 1993), that proposition does not apply
19 to motions to dismiss. Ghazali, 46 F.3d at 54 ("this proposition does not help Ghazali. Marshall and
20 Henry address only summary judgment motions, not motions to dismiss. Therefore . . . the district
21 court did not abuse its discretion by entering the judgment of dismissal.").
22    In determining whether to dismiss an action for lack of prosecution, failure to obey a court
23 order, or failure to comply with the Local Rules, the Court must consider several factors: (1) the
24 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
25 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
26 merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d
27 at 1260-61; Malone, 833 F.2d at 130; Henderson, 779 F.2d at 1423-24; Thompson, 782 F.2d at 831.
28    In this case, the Court finds that the public's interest in expeditiously resolving this litigation

and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a Court's warning to a party that the failure to obey a Court order will result in dismissal satisfies the "consideration of less drastic alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. Plaintiff was explicitly warned that the failure to file an opposition/statement of no opposition and the failure to respond to the March 15, 2010 order to show cause would result in a recommendation of dismissal.

Further, in the absence of any arguments raised in an opposition, Defendants have demonstrated that they are entitled to dismissal of this action. In their motion to dismiss, Defendants argue that Plaintiff did not exhaust her administrative remedies prior to filing suit. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. Defendants have attached a "Director's Level Appeal Decision" that was issued on March 4, 2008 that addresses Plaintiff's complaint that Defendant Smith conspired with two other inmates to assault Plaintiff. Plaintiff initiated this lawsuit on September 4, 2007. Plaintiff cannot comply with the PLRA exhaustion requirement by exhausting available remedies during the course of this litigation. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Defendants have demonstrated that Plaintiff exhausted her administrative remedies after she initiated this lawsuit.

### III.  Conclusion and Recommendation

The Court finds that Defendants' motion to dismiss should be granted and this action should be dismissed due to Plaintiff's failure to prosecute and failure to obey a court order. Plaintiff has failed to file an opposition to Defendants' motion to dismiss and has failed to respond to the Court's

1 order to show cause.  Further, Defendants' motion to dismiss adequately demonstrates that
2 Defendants are entitled to dismissal due to Plaintiff's failure to exhaust her administrative remedies
3 prior to filing suit.
4      Accordingly, it is HEREBY RECOMMENDED that Defendants' motion to dismiss, filed
5 on February 12, 2010, be GRANTED.
6     These Findings and Recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)
8 days after being served with these Findings and Recommendations, any party may file written
9 objections with the Court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within ten (10) days after service of the objections.  The parties are advised
12 that failure to file objections within the specified time may waive the right to appeal the District
13 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 IT IS SO ORDERED.
16 **Dated:   June 9, 2010**                    /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE